State vs. Claire, Gibson and Feehan.

No. 10,267.

THE STATE OF LOUISIANA VS. LOUIS CLAIRE, JOHN GIBSON AND WILLIAM FEEHAN.

On a trial for murder, the State having introduced evidence to prove malice and premeditation, by the testimony of a witness from whom the accused had purchased a pistol a few days previous to the homicide, it is competent for the accused to interrogate the same witness with a view to show that in making preparations for a combat, he was preparing for an anticipated attack to be made on him by another person not connected with the homicide on trial.

The jury are entitled to hear and consider such testimony, and they are the sole judges of its weight and legal effect.

The safe rule in such cases is as follows: "Evidence of preparation is always admissible for the prosecution. evidence to explain it is always admissible for the defence. Wharton's Crim. Ev. § 752.

APPEAL from the Criminal District Court for the Parish of Orleans. *Marr*, J.

*Walter H. Rogers*, Attorney General, and *John J. Finney*, Assistant District Attorney, for the State, Appellee.

*J. H. Ferguson, J. C. Walker* and *F. B. Earhart*, for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. The trial of the defendants for murder resulted in the acquittal of Feehan and the conviction, without capital punishment, of Claire and Gibson, who prosecute this appeal.

Among several other complaints, they charge error in the ruling of the trial judge, who sustained an objection to a question propounded by their counsel to a State witness, a gun-smith, who had been interrogated by the District Attorney concerning the purchase of a pistol from him by Louis Claire, and who had been requested "to state all the facts connected with the purchase of said pistol."

On cross-examination by the defense, the witness had stated that, on the 26th of December, 1887, (five days before the date of the homicide), Claire, in purchasing the pistol, had requested witness to load the same, stating that he needed it to "protect his life against the attack of Tom Fanning and his crowd on the front." The witness had also stated that, two days before, "Fanning had got witness to load a pistol for him."

Whereupon counsel for the accused "asked the witness if said Fanning did not state at the time he got said pistol loaded, that his object n so doing was to attack Claire." On objection by the State, the ques-

tion was overruled by the court " on the ground that the same was irrelevant."

Although the bill does not mention the object for which the State had introduced the evidence of that witness, it is clear to our mind that the purpose was to connect the purchase of the pistol with the homicide, and thus to show malice or premeditation on the part of Claire. And such was the manifest tendency of the evidence thus brought out.

In order to avert its intended effect on the minds of the jury the defense then propounded the questions which elicited the information that Claire had stated that he needed the pistol purchased from the witness for his defense against Fanning's attack, and further that Fanning had had a pistol loaded by the same gunsmith two days before. Those questions had met with no objection from the State, doubtless because they were considered as relevant by her counsel.

But when the accused proposed to go a step further on the same line of investigation, and attempted to bring out additional facts intimately connected with those which had gone to the jury without objection, the investigation was abruptly closed, and he was thus denied the right of eliciting all the facts connected with the transaction, and which could have been of material importance to his defense.

If it was competent for the State to show malice in Claire in connection with the homicide for which he was on trial, by proving that he had, a few days before, purchased a pistol and had had it loaded, and if it was competent for him to prove by the same witness, what statements he had made to the witness touching the object which he then contemplated, and also to show that the party for whom he intended the weapon, had been preparing himself for combat, it was undeniably competent for the defense to prove the statements which the same party had made at the time touching a contemplated attack on the accused.

In proving the purchase and the loading of a pistol by Claire, a few days before the homicide, the intention of the State was to show to the jury that Claire had then begun his preparations to slay the deceased.

It was an effectual mode of negativing that conclusion, to show that the accused apprehended well founded danger from another source, and that his hostile preparations were intended to meet that danger. And under such a showing the jury would have been the sole judges of the legal effect and of the weight of the testimony, both on the question of malice, and on the rebuttal thereof. It was, therefore, error on the part of the trial judge to exclude the proffered testimony from the consideration of the jury. The door to that line of inquiry had been opened by the State herself, by introducing the testimony of the witness who had

sold the pistol to Claire and had loaded it for him at his request, and by asking the witness to state " all the facts connected with the purchase of the pistol;" and the ends of justice required that the defendants should have been allowed to pursue the inquiry thus inaugurated by the State.

It was unquestionably competent for the prosecution to attempt to prove malice and premeditation on the part of the accused, and testimony tendered to show preparation by one of them, was relevant to the end proposed, hence proof of the purchase of a pistol by one of the defendants was legally admissible ; but it was equally competent for the latter to negative the intended effect of the evidence thus introduced, particularly by interrogating the same witness, and by obtaining the recital of all the circumstances connected with the transaction introduced, and relied on, by the State. And it hence follows that he was entitled to submit to the consideration of the jury any facts, connected with the transaction, tending to show that in his preparations for a conflict, he was anticipating an attack which he had the undisputed right to repel with force and arms. He was also entitled to the effect which such facts could have had on the minds of the jury in disconnecting the preparations made by him for a combat from the homicide with which he was charged, at least to the extent of rebutting malice or premeditation in the perpetration thereof.

The foregoing conclusions rest not only on sound principles of reason and law but they find ample sanction in authority. The rule has been thus formulated by Wharton :

" Evidence of preparation is always admissible for the prosecution, evidence to explain it is always admissible for the defence." Wharton's Criminal Evidence section 753.

In a case quite anaolgous to the point of the present discussion, in which the State had introduced testimony to show that the accused had applied to the witness for a pistol, stating at the time that he was in great trouble, the Supreme Court of Mississippi held that it was error on the part of the trial judge to exclude testimony to show that the accused was at the same time in trouble with another person besides the deceased. The syllabus on the point reads as follows : " On a trial for murder, the State having introduced testimony to show antecedent malice and previous preparation for the combat, the accused has the right to introduce testimony tending to show that such preparation was made in anticipation of an expected attack upon himself, and the exclusion of such testimony is error." Long vs. State, 52 Miss. 23; see also Mavrock vs. State Texas Reports 7 p. 269.

In brief, counsel for the State make the point that the question was

amenable to the further objection that it was not in reply to matters brought out on the direct examination. But reference to the bill shows that the objection was not urged below, hence it cannot be considered here. The sole objection made on this point, and the only one considered by the judge, was that the question was irrelevant. It is therefore clear that we cannot attempt to review a matter which was not discussed below, or passed on by the trial judge.

Under the foregoing views we feel constrained to remand the case, and we find it unnecessary to discuss other points presented in the briefs of counsel.

It is, therefore, ordered, adjudged and decreed that the sentence of the District Court be avoided, that the verdict of the jury be quashed and set aside, and that the cause be remanded for further proceedings according to law and to the views herein expressed.