## No. 11,457.

### STATE OF LOUISIANA VS. WM. KYE.

" Shooting into a dwelling house" is the crime charged.

Shooting in the house at a person, in the house, was the proof.

New trial was granted by the trial judge, because the proof did not establish that the crime charged had been committed.

The ruling is sustained.

The proof of shooting in a house, at a person, who is also in the house, is not the proof required to show that a person shot at a dwelling house, there being persons therein.

A PPEAL from the Second District Court, Parish of Bossier.
Watkins, J.

M. J. Cunningham, Attorney General, and A. J. Murff, District Attorney, for the State, Appellant.

J. A. Snyder for Defendant.

The opinion of the court was delivered by

BREAUX, J.    The defendant was indicted for having wilfully and feloniously shot into a dwelling house in violation of the statute denouncing as an offence the shooting at a dwelling house.

The jury returned a verdict of guilty as charged.

The defendant moved for a new trial on the ground that the indictment charged the defendant with shooting into a dwelling house, and not with shooting at a dwelling house.

The court granted the new trial.

The district attorney excepted to the ruling, and from the judgment granting a new trial the State prosecutes this appeal.

The trial judge incorporated the statement in the bill of exception reserved; that the evidence showed that the defendant and others had a difficulty; that the shots were fired at indivduals in the room in a dwelling house, and that they were not fired at the house or into the house.

The court did not decide that the bill of indictment was illegal, but granted a new trial.

The court states the shooting was in the house at a person, and not a shooting at the house or into a house.

The question propounded for our determination is:

The defendant being charged, as before stated, can he be sentenced for having shot at some one in a dwelling?

There was a shooting at persons; not a shooting at a dwelling house, a different crime from that denounced by the statute under which the indictment was framed.

In shooting at a dwelling house the effect is directed toward the dwelling, and the inference, unavoidable, is that the person shooting is not in the house.

In shooting at a person in a room of the house the environment can no longer be the same, nor is the object directed toward the house in the sense of the statute.

Shooting by one in a dwelling may be directed toward some one away from the house—in the road or street, for instance.

He would not thereby violate Sec. 8 of Act of 1870 any more than he does violate it in shooting while in the dwelling a person who is also in the same dwelling.

The proof of shooting in a dwelling can not be made the equivalent of shooting at a dwelling.

They are distinct acts not embraced in one statute, but denounced in different statutes as distinct crimes.

The ruling is correct.

Judgment affirmed.