NICHOLLS, J.
It was charged in the indictment found against the defendant that with force and arms he willfully, maliciously, and feloniously, with the intent to carnally know, forcibly and against her will; that is, to rape Mrs. -, did, in the nighttime, enter without breaking the dwelling house of-.
Counsel for the accused asked the court to give the following special charges to the jury:
(1) That, in order to convict in this case, it is necessary that the state should prove beyond a reasonable doubt that the accused entered the house of - with the intent of having carnal connection with Mrs.by force and against her will and consent.
That if the jury conclude from the evidence that the entry was not made with such intent it is their duty to acquit.
(2) That, if the jury conclude from the evidence that the accused had a lawful right to enter the house, and that he was in the house lawfully, it is their duty to acquit even if the accused had thex-eafter formed the design to commit rape upon the person of -.
(3) That, if the jury conclude from the evidence that the accused was an inmate of the house of -, and that he occupied said house as a member of said-’s family, and, as such, he had free access to the same, and that he entered the house as said inmate, and had no unlawful purpose in entering, the jury must acquit, even though after such entry he had formed the design to rape and carnally know Mrs.-against her will and consent.
(4) That the intent to commit the crime must appear from the evidence as the motive which induced the accused to enter and this must appear from the evidence beyond a reasonable doubt to justify a conviction.
(5) That under a charge of entering the dwelling house of A. with intent to commit rape, the state cannot prosecute for entering one of the rooms of said dwelling; the accused being at the time lawfully in said building.
The trial judge refused to give this special charge, assigning as his reason for so doing that it was virtually included in the written charge delivered by the court making part of the record, the last, or fifth special charge which was refused, because, under the law a person occupying the room of a dwelling lawfully may be guilty of entering another room of the dwelling with intent to commit a felony.
The action of the judge was excepted to, and a bill of exceptions taken thereto perfected.
The judge’s charge here referred to, was as-, follows:
“The accused is being prosecuted for the crime of entering in the nighttime without breaking the dwelling house of-with intent to rape Mrs.-.
“The law xmder which the accused is being tried provides that whoever, with intent to kill, rob, steal, commit rape, or any other crime shall, in the nighttime, enter without breaking, or in the day break or enter any dwelling house or outhouse thereto adjoining and occupied therewith, or any office, shop, or warehouse or any vessel, and every person present, aiding, ox-abetting in the commission of such offense, or who shall have counseled or px-ocui-ed the same- *1019 to have been committed, on conviction shall be imprisoned at hard labor not exceeding five years, and fined not exceeding $1,000. Rev. St. § 854.
“In order to find a verdict of guilty, it is incumbent upon the state to prove that the dwelling house of-was entered in the nighttime without breaking by th.e accused, Francois Descant, with intent to commit the crime of rape on Mrs. -. These facts must be established beyond a reasonable doubt. A reasonable doubt is a feeling in a man’s conscience which prevents him from arriving at an easy conclusion for the want of sufficient evidence to remove the presumption of innocence established by law in favor of accused persons. The doubt must be real, based upon reasons, and not imaginary or captious doubts.
“If from the evidence you entertain such doubts, it is your duty to give the accused the benefit of that doubt and acquit him. And if, on the contrary, you entertain no such doubt from the evidence, it is your duty to find the accused guilty. If the accused was lawfully in the house, or had entered lawfully therein, and, after the entry, had conceived the idea of committing the crime of rape, the accused is then not guilty of the crime charged against Mm. But, when a person enters the dwelling house or room of a person in the nighttime, the burden of proof is on the accused to show that he was lawfully therein, or for a lawful purpose. The entry of the whole body is not necessary if a part of the body is sufficiently therein for the purpose of committing the crime charged. A guest occupying one room of a house _ entering another room with closed door is guilty of burglary, unless permission or lawful purpose is shown. A person residing and occupying one part of a house may be guilty of burglary of a room occupied by the owner or1 other persons. It is not necessary that the crime be actually perpetrated if the entering was with the intent of commiting the crime charged. You are sole judges of the evidence. The court has no right to comment thereon. You may discard any part of the evidence if the same should not appear reasonable. It requires nine of your number to find a verdict. There are but two verdicts. You can render one of ‘Guilty’ and one of ‘Not Guilty.’ You will appoint your own foreman and render your verdict orally or in writing on the back of the indictment.”
The jury returned a verdict of guilty ■against the accused.
He appealed unsuccessfully for a new trial. In the motion, he averred that while he was charged in the indictment with entering the dwelling house of- with the intent of raping one Mrs.-, and he had been tried and convicted on said charge, it had developed upon the trial, and proven to the jury, that he was an inmate of the house, and was at the time lawfully therein; and, under the facts stated, it was the duty of the court to have given the special charges (there already set out) which had been requested by defendant’s counsel.
The court overruled the motion. The minutes recite that a bill of exception was filed, but it is not in the transcript.
No exception was made to the charge of the court as given, nor was any made to the indictment. The testimony adduced was received without objection. The following are the points raised in appellant’s brief:
(1) The written charge of the judge does not embody the special instruction requested, being Nos. 2, 3, and 4 of the bill of exceptions.
(2) It is the duty of the judge, not only to make an “announcement” of what the crime is for which the accused is being tried, but to instruct the jury as to the essential ingredients constituting such crime in such a way as to clear their minds of latent ambiguities.
(3) Under section 854, Rev. St., entering in the nighttime, without breaking with intent to commit rape, the intent to rape must exist at the time of the entry and this intent is essential to the constitution of the crime, and a request of the judge to so charge the jury is reasonable.
(4) If the entry was lawful, and the design to commit rape was formed after the entry, and when the accused was lawfully in the dwelling house, the jury should acquit, and the judge should have so instructed them. 19 Am. & Eng. Ency. of Law (1st Ed.) p. 952, and notes.
(5) The state having charged the felonious entry of a dwelling house cannot shift its position and claim the felonious entry of an inner apartment or room after discovering that the accused was a lawful occupant of the dwelling house.
(6) To sustain the prosecution of the felonious entry of the room the indictment *1021 -should have charged such entry of the room. -6 Cyc. pp. 204 et seq., 212, 229, 234, 235.
(7) It was error for the judge to charge -dhe jury that the mere entry was unlawful ■without the intent to commit rape.
(8) The judge should also have charged that rape was not the mere carnal knowledge •of a woman, but such knowledge by force .-and against her will and consent.
An examination of the charge given by the -court will show that the jury was as fully Informed by it as by anything which would Aave been announced to it through the spe•cial charges requested by the defendant as •to the necessity of establishing by evidence "the existence of the intent of the accused to -commit the crime charged at the time of his ■entry into the house. Defendant however, -contends that the court had not explained as fully as it should the ingredients of the •crime, and that the special charges which he .submitted would have cured that insuffieien-cy. There is nothing tending to show that the accused had called the attention of the •court to any want of sufficiency in the charge. Had any suggestion been made on that subject we have no doubt it would have been .modified to conform to appellant’s wishes. We have no idea that the judge imagined '.that the special charges had any reference to a description of the crime. 1-Iis attention •was evidently intended to be directed to the matter of intent. Had appellant desired .that the charge should have been more specific and more in detail than it was, he should have made a direct request to alter the -charge, and not rely upon' a special charge which was calculated to mislead the judge -as to what its scope and object was. Appellant’s contention is that through failure of •the court to submit the special charges requested he was injured for want of proper Information given to the jury, but we do not think that the jury would have received any .more information from those' charges than they had before. There was no attempt in any of the special charges to define the crime charged. In several of them appellant himself referred to the crime intended to be committed as “rape.” The furthest he went in the direction of what the crime was, was when he referred to the accused as intending “to have carnal connection with Mrs. - by force and against her will and consent,” following the exact words of the indictment, which declared that the acts recited therein constituted the crime of rape. Objections to the charge “as given” should have been advanced against the charge itself at the time, and exception then taken, and not postponed to be urged on a motion for a new trial, or through a brief in the Supreme Court. Objections to the indictment or the introduction of testimony under the indictment should be urged at the proper time under the recognized rules of practice.
Appellant insists that if it had been shown that the accused was a regular inmate of the house which was entered, and that he had entered the house itself on the night in question without any intention of committing the crime charged, he could not be found guilty of the intention to commit the crime which was conceived after he had entered the house to enter into one of the rooms. Counsel for the state argue that the different rooms of a house, with doors and entry common to all, constitutes each room the “dwelling house” of the particular occupants; that, therefore, an illegal entry into part of the house may be made by one who has a right to be in another part just as it is “burglary” to enter a “house” through an open door, if the party so entering subsequently breaks an inner door. Clark’s Criminal Law, c. 10, pp. 236, 237 ; 5 Am. & Eng. Ency. of Law, p. 46, note 1; Id. p. 47, note 59 at bottom of page.
We are of the opinion that that view of the legal situation is correct
*1023 We • find no ground for setting aside the verdict of the jury and the judgment of the court in this ease, and it is hereby affirmed.