ROGERS, Justice.
 

 The defendant, Ashby Réed, a young negro man, was convicted of the crime of shooting at a dwelling house while certain named persons were lawfully therein. Under his conviction, defendant was sentenced to imprisonment in the penitentiary for a period of not less than two years and not more than four years.
 

 On appeal, defendant’s complaint, based on the overruling of his motion for a new trial, is that he was deprived of his right to make up a record which would enable this court to review the adverse rulings of the trial judge during the examination and cross-examination of the witnesses produced by the parties.
 

 In his motion defendant alleged, in substance, that after the verdict he discovered prejudicial errors or defects in the proceedings which he could not have discovered with reasonable diligence before the verdict. That the trial judge ordered the testimony, questions, rulings, and notes of the bills taken down, and that they were taken down by the clerk of court and the court stenographer, but in such negligent manner as to be wholly unintelligible, as will appear by a copy of the meager notes takqn while the state was
 
 ottering its
 
 evidence, attached to and made a part of defendant’s motion. That the fact no record was preserved of the questions, objections, and rulings was not due to any fault of defendant or of his counsel, but was due to the' negligence of the clerk of court and the court stenographer.
 

 Prom the testimony adduced on the trial of the motion, which was heard contradictorily, it appears that at the beginning of defendant’s trial his counsel requested that the testimony be taken down by the official stenographer, and that the trial judge granted the request to the extent of ordering that all testimony showing facts on which bills of exception might be reserved should be reduced to writing. That in obedience to the order, the cleric of court, in the absence of the regular stenographer, produced to act as the stenographer a lady who was employed in his office, but who had no previous experience as a court reporter. That this lady was not known to defendant’s counsel and they were not aware of her inability to do the work she was assigned to do. That during the course of the trial she was asked by the clerk of court if she was getting all the bills, and her reply was that she thought she was. That, as a matter of fact, she did not properly note the bills; that she left out some of defendant’s objections entirely; that in a few instances only did she mention the reasons for the objections ; and that in no instance did she set down the reasons assigned by the trial judge for his rulings.
 

 
 *746
 
 Article 499 of the Code of Criminal Procedure, which supersedes Act No. 113 of 1896, provides: “On the trial of all criminal cases, whenever a hill of exceptions shall be reserved to the ruling on any objection, the court shall at the time and without delay order the clerk or the stenographer to take down the facts upon which the objection and the ruling are based, together with the objection, the ruling and the reasons of the ruling, which statement, objection, ruling and reasons, so taken down, shall be preserved among the records of the trial, and- shall, when signed by the judge, constitute the bill of exceptions. * * *»
 

 The codal article authorizes an accused person to demand that the facts relied upon as the basis for his bills of exception be reduced to writing and makes it the duty of the trial judge to comply with his demand.
 

 While the judge in this case, pursuant to the request of the defendant’s counsel, ordered the testimony taken down, the work was so inexpertly done that the record as made up is not in such form as to enable this court to review the objections of defendant and the rulings of the trial judge thereon. The transcript of the stenographer’s notes, which is attached to the motion for a new trial, exhibits only vague, indefinite, and incomplete memoranda that are wholly useless for the purpose of this appeal. And, as disclosed on the hearing of the motion for a new trial, some of the bills reserved by defendant’s counsel, together with the testimony, objections, rulings, and reasons, were entirely omitted by the stenographer either at the órne they were made or at the time she attempted to transcribe her notes, thereby making it impossible for their validity to be tested on appeal.
 

 On the facts as disclosed by this record we do not think the statutory right of the defendant to have the testimony reduced to writing has been complied with.
 

 The case is not one for the application of the rule mentioned in State v. Russell, 167 La. 1010, 120 So. 629, that the burden is on the defendant to so prepare his bills of exception as to enable the Supreme Court to say whether the trial judge erred in his rulings.
 

 Nor is the case one for the application of the rule announced in State v. Goodson, 116 La. 388, 40 So. 771, that it was the duty of defendant’s counsel to supervise the taking of the testimony and to ascertain the true sit: uation.
 

 Counsel for the defendant apparently did all they were required to do to preserve defendant’s right of appeal. They dictated their objections and bills to the stenographer and had no reason at the time to suspect that her shorthand notes when transcribed would not correctly set forth' the proceedings. They were not able to read the shorthand notes and were justified in assuming that the stenographer, under the direction of the clerk, was capable of making up a correct record of the case. It was only after the verdict, when they were about to prepare the formal bills of exception, that counsel discovered, for the first time, the true state of the record and that the facts on which they relied to support their bills were either not taken down at all or were taken down so scantily as to be of no value in the preparation of their bills.
 

 
 *748
 
 For the reasons assigned, the conviction and sentence appealed from are annulled, and this case is remanded to the district court for retrial.