169 So. 565

**STATE v. REED.**

No. 33940.

June 30, 1936.

Wayne Stovall and W. T. Holloway, both of Jonesboro, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Walton E. McBride, Dist. Atty., of Ruston, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

O'NIELL, Chief Justice.

The defendant was convicted of the crime of willfully and maliciously shooting at a dwelling house, with a pistol, while certain persons (named in the indictment) were lawfully in the house. He was sentenced to a term of imprisonment in the penitentiary, but on appeal the verdict and sentence were set aside and the case was remanded for a new trial, because the court stenographer had failed to make a record of certain bills of exception which were reserved during the trial of the case. State v. Reed, 180 La. 741, 157 So. 547. Again the defendant was tried and convicted and sentenced to a term of imprisonment in the penitentiary. He has appealed from the second conviction and sentence.

The record contains three bills of exception, all relating to the same contention; that is, that the defendant did not shoot at the house but shot at a woman in the house, while he was standing in the doorway between the porch and the room in which she was standing.

In the first bill of exception it is recited that the district attorney in his opening statement to the jury declared: "Witnesses will testify that they came to

the door after the shot was fired and they looked out and saw Ashby Reed leaving the front porch." Thereupon the attorney for the defendant filed a motion to have the judge order a mistrial, on the ground that the statement made by the district attorney was an admission that the defendant, Ashby Reed, did not shoot at the house but shot into the house, from the front porch. The judge ruled that the statement made by the district attorney did not go that far, and the attorney for the defendant excepted to the ruling. We affirm the ruling. The statement of the district attorney, that witnesses would testify that they came to the door of the house after the shot was fired and saw Ashby Reed leaving the porch, was not a contradiction of the accusation that Ashby Reed shot at the house, or an admission that he shot from within the house. The quotation from the statement of the district attorney was not all of his opening statement to the jury.

The second bill of exception was reserved to the overruling of another motion for the entering of a mistrial. The motion was filed when the defendant testified that he was in the house when he shot at the woman in the house, and hence that he did not shoot at the house. The judge in his statement per curiam says that other witnesses testified that the defendant shot at the house, from a position on or near the front porch. The question, whether the shot was fired at the house or from a point within the house, was a question of fact, on which depended the question whether the defendant had committed the crime charged. State v. Kye, 46 La.Ann. 424, 14

So. 883. This court has not jurisdiction over questions of fact on which depends the guilt or innocence of the party accused in a criminal case.

The third bill of exception was reserved to the overruling of a motion for a new trial, which was merely a repetition of the complaints made in the two other bills of exception.

The verdict and sentence are affirmed.