ROGERS, Justice.
 

 James Bell was charged with manslaughter. The person killed was one Rebecca Williams. Bell was convicted of the crime charged and sentenced to imprisonment in the penitentiary. His appeal is supported by only one bill of exception, which was taken to the action of the trial judge in overruling a motion for a new trial.
 

 Defendant alleges in his motion that the State failed to prove essential elements constituting the offense charged, namely, the identity of the deceased, the felonious killing beyond a reasonable doubt, and that any act,, direct or indirect, on the part of the defendant resulted in the death of the deceased. Defendant also alleges in his motion that the trial judge erred in his charge to the jury.
 

 Five witnesses, including the coroner, were produced by the State. No witnesses were produced by the defendant. The testimony of the State’s witnesses was received without objection on the part of the defendant.
 

 It is inconceivable that the jury would have convicted defendant, and that the trial judge would have denied him a new trial, if the testimony produced on the
 
 *325
 
 trial had failed to establish defendant’s guilt beyond a reasonable doubt. The trial judge, in his per curiam attached to the bill of exception taken to the refusal of the motion for a new trial, states that there was ample evidence to maintain the charge beyond a reasonable doubt.
 

 In its final analysis defendant’s complaint relates to the insufficiency of the evidence rather than to the lack of evidence to support the verdict. This presents purely a question of fact.
 

 The court cannot pass upon questions of fact on which depends the guilt or innocence of the defendant in a criminal prosecution. State v. Reed, 185 La. 535, 169 So. 565. It can only deal with the. questions of law. State v. Allen, 129 La. 733, 56 So. 655.
 

 A complaint that the corpus delicti was not proven beyond a reasonable doubt raises an issue of fact, not an issue of law. State v. Brown, 126 La. 12, 52 So. 176:
 

 All the testimony heard on the trial of the case was attached to and made part of the motion for a new trial. But that does not authorize this court to review the evidence for the purpose of deciding whether it is sufficient to justify a conviction. It is only in cases where there is no evidence at all of a fact which may be deemed an essential element of the crime charged that the validity of the conviction, without such evidence, becomes a question of law. State v. Montgomery, 170 La. 203, 127 So. 601. This is not such a. case.
 

 Defendant complains that the trial judge erred in his charge to the jury on the question of involuntary homicide, and that the charge as given confused and misled the jury, resulting in his conviction. But defendant’s complaint is embodied only in his motion for a new trial. No such complaint was made to the trial judge at the time the charge was given. Defendant should have objected to the charge when given, pointing out the alleged errors and demanding that they be corrected. If his objection was overruled and his demand refused, he could have brought the objection and refusal here by bill of exception. In the absence of such a bill his complaint presents nothing for review.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.