17 So.2d 620

**STATE v. GREEN.**

**No. 37439.**

March 13, 1944.

Lal C. Blanchard and Ben F. Roberts, both of Shreveport, for defendant-appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., and Edwin L. Blewer, Dist. Atty., of Shreveport, for appellee.

FOURNET, Justice.

Cecil Roy Green is appealing from his conviction and sentence to serve five years in the state penitentiary on a charge of simple burglary, relying for the reversal thereof on certain errors allegedly committed during the course of his trial, to which timely objection was made and bills of exceptions reserved.

It appears from the record that Clyde Chamberlain, who was caught on the night of July 9, 1943, in the act of burglarizing the Goode-Cage Drug Company in Shreveport, Louisiana, for the purpose of securing narcotics, pleaded guilty to the offense and implicated Green, Nick, Cascio, and John Brazil Grisaffi. These three were jointly charged in a bill of information with simple burglary, but only Cascio and Green were tried, for the authorities were unable to apprehend Grisaffi. Cascio acquiesced in the verdict and is now serving his term in the penitentiary.

The accused reserved his first bill of exceptions when the district attorney, in his opening statement to the jury, declared he would offer evidence to prove that two days prior to the burglary these four men met in Dallas, Texas, where they lived, and there conspired and planned the offense with which they were charged, and the second was reserved to the trial judge's ruling admitting the testimony offered over the defendant's objection to establish this fact. The basis of these exceptions is that no evidence was admissible to prove a conspiracy since none had been charged in the information and Chamberlain was

not charged in the same bill with the other three.

Under the express provisions of Article 446 of the Code of Criminal Procedure "When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent * * *." As Wigmore on Evidence expresses it: "The general principle is that all facts affording any reasonable inference to the act charged are relevant and admissible, including facts showing design, motive, knowledge, or the like, when these matters are in issue and are relevant." Vol. I, Section 216, page 717, 3rd Edition. See, also, State v. Williams, 111 La. 179, 35 So. 505; and State v. Goldstein, 187 La. 353, 174 So. 873. Since the crime of simple burglary constitutes not only the intentional breaking and entering of a building, water craft, dwelling or other structure, but also the accompaniment of such breaking with the intent "to commit any forcible felony or any theft therein" (Article 62 of Act No. 43 of 1942, known as the Louisiana Criminal Code), this evidence was clearly admissible to show the motive and intent of the defendant in breaking and entering the drug company.

We therefore conclude that the trial judge did not err in his rulings to these objections.

In his argument in this court counsel has presented certain issues under these bills that were neither raised in nor passed on by the lower court, but we are powerless to review these on appeal under

Article 558 of the Code of Criminal Procedure providing that "Unless the error is patent on the face of the record, an appellate court can not consider or determine any question which was not submitted to and passed upon by the trial judge." See, also, State v. Romano, 37 La.Ann. 98; State v. Claire, 41 La.Ann. 191, 6 So. 129; State v. Descant, 117 La. 1016, 42 So. 486; State v. Barrett, 117 La. 1086, 42 So. 513; State v. Sehon et al., 137 La. 83, 68 So. 221; and State v. Ricks, 170 La. 507, 128 So. 293.

The defendant has abandoned the third bill reserved by him.

■ Bill of Exceptions No. 4 was reserved when the trial judge permitted, over the defendant's objection, the introduction of a certified copy of a registration card issued by the state of Texas showing that license No. 381—919 was issued for a Buick automobile and in the name of Minn Lee Green, such objection being based on the fact that such a card was hearsay since Minn Lee Green was not charged as a party to the offense and no evidence was offered to show any connection between that party and the defendant.

There is no error in the judge's ruling permitting the introduction of this registration card. Chamberlain had testified that the car in which the burglars left Dallas was a Buick and Mrs. Elliott, the owner of the tourist camp at which they spent the night, had testified these men arrived at her camp in a Buick car bearing Texas license No. 381—919. The state was not attempting to prove who Minn Lee Green was, but merely to corroborate the testimony of its witnesses, which had been vigorously attacked, establishing that this was the car that had been used by the burglars.

■ In his closing argument to the jury, the defendant's counsel stated: "That the able District Attorney should have brought the tavern keeper from Dallas, who the witness Chamberlain testified had arranged a meeting for him with Grisaffi, Cascio and Green," and "should have brought witnesses from Dallas to prove who Minn Lee Green was." But he took exception and reserved his fifth bill when the district attorney, in rebuttal argument before the jury, stated it could hardly be expected that the tavern keeper would testify where such testimony would have implicated him in the crime and, further, that the defendants had the same right to produce witnesses as the state, they being, in fact, in a much better position to produce such witnesses from Dallas since they lived there.

There is no merit to this bill, as the foregoing discloses, and, as stated by the trial judge in his per curiam to this bill: "Counsel for defendant had criticized the District Attorney for not bringing witnesses from Dallas to show by the tavern keeper that he had put Chamberlain in touch with the other three men in Dallas, and to show who Minn Lee Green is, and the Court considered the District Attorney had the right to reply to this argument, which he did by saying that the defendants had the same right to bring witnesses from Dallas. Furthermore, when the objection was made, the court instructed the jury to base its verdict on the evidence

and the law as charged by the court, and not on what counsel said in argument."

The last bill is also without merit. It was reserved to the overruling of Green's motion for a new trial, which motion was based on the matters covered in the first five bills just taken up (presenting nothing further for our review) and on the fact that two of the jurors, when the jury was polled, stated the verdict of guilty was not theirs. Since this was a crime punishable necessarily at hard labor and triable by a jury of twelve, nine of whom must have concurred to reach a verdict, the fact that two of the twelve jurors failed to concur in the verdict does not render it invalid since ten did concur.

For the reasons assigned, the conviction and sentence appealed from are affirmed.