McCALEB, Justice.
 

 Appellants, Melville Wagner and Silas McKain, together with one Harold Edwards, were charged with simple burglary of a service station located in Mandeville, Louisiana. Edwards pleaded guilty and was sentenced to imprisonment in the State Penitentiary at hard labor for three years. Wagner and McKain were found guilty after a trial at which they were represented by an experienced attorney. Subsequent to their conviction, but before sentence, the attorney withdrew from the case and their present counsel were employed. As soon as they were retained, counsel made inquiry relative to the reservation by appellants’ former attorney of bills of exception as the testimony given at the trial had not been reported by a stenographer and the minutes of the court failed to reveal the reservation of a bill. Upon being informed by the attorney that he had taken one bill (which was denied by the minute clerk), counsel applied for a new trial alleging that numerous prejudicial errors were committed at the hearing and that, therefore, the verdict of the jury should be set aside.
 

 On the hearing of the motion for a new trial, the judge permitted evidence to be taken in order that counsel might prove, if they could, that a bill of exception had been taken at the trial although he, the judge, was of the belief that no exception had been reserved to any of his rulings. Counsel thereupon called to the stand appellants’ former attorney who stated that he knew of only one instance during the trial when he objected to a ruling of the court and that, in that instance, he said “Note a Bill.” On cross-examination, after being questioned in detail by the district attorney, he stated that it was his recollection that he objected to the testimony of certain police officers, who had stated that appellants had been identified by their co-defendant, Edwards; that the judge overruled his objection on the ground that appellants were present when the identification was made and that it was at that time “I think I then said ‘Reserve a Bill’ or ‘Note a Bill’, or ‘Bill reserved’.” And, upon further questioning by the Court, the attorney admitted that he could not say whether he had spoken audibly enough for the judge to hear him.
 

 In support of this evidence, counsel produced two attorneys who stated that they
 
 *977
 
 were present in the courtroom at the time of the hearing and that it is their impression that appellants’ attorney reserved or noted a bill during the proceedings.
 

 Opposed to this testimony is that of the minute clerk, Mrs. Muriel Richardson, who denies that the attorney for appellants reserved or noted a bill of exception during the trial. She states in substance that, while she had never before served as minute clerk in criminal cases, she had been fully instructed by her predecessor and the judge as to how bills should be taken down in her note book; that she had theretofore taken bills in civil cases and that she was on the alert throughout the entire trial, anticipating that a bill might be reserved.
 

 The trial judge, in his per curiam, sets down fairly and completely his impressions of the occurrence and concludes that, if appellants’ attorney reserved a bill during the proceedings, he did not hear him. He expresses it thus:
 

 “I was sitting a distance of some seven (7) feet from Mr. Schwartz, paying very close attention to the trial of the case, and if he reserved a Bill of Exceptions to my ruling he must have said it under his breath, because I did not hear him.”
 

 He accordingly overruled the motion for a new trial and sentenced appellants to terms in the penitentiary at hard labor. Hence the appeal.
 

 In this Court, counsel for appellants have endeavored to direct to our attention an alleged error respecting the admission of certain unsworn testimony (supposed to have been given by appellants’ accomplice, Edwards, at the trial) and they make vague suggestions of prejudicial matters which might have occurred at the trial. Suffice it to say that none of the complaints upon which counsel rely is contained in a bill of exceptions. Accordingly, inasmuch as they are not patent on the face of the record, we are without authority to notice the alleged errors. Articles 502 and 558, Code of Criminal Procedure; State v. Malazza, 177 La. 995, 149 So. 885; State v. Green, 205 La. 439, 17 So.2d 620 and cases there cited.
 

 Counsel further contend that the judge erred in not upholding the testimony of appellants’ former attorney and in concluding that a bill of exceptions to the police officers’ testimony was not reserved. From a reading of the testimony on the motion for a new trial in conjunction with the court’s per curiam, it appears that the judge was fully warranted in finding that a bill of exceptions had not been reserved. It is true that the judge, in deference to the attorney, is unwilling to positively contradict his testimony and merely states that, if a bill was reserved, he did not hear it. However, he makes it quite clear in his per curiam that he does not believe that a bill was taken by emphasizing that he was sitting only seven feet from the lawyer ‘'paying very close attention” and that he did not hear him reserve a bill. Additionally, the judge’s impression is fortified by the
 
 *979
 
 testimony of the minute clerk who stated that no bill was reserved. After all, the attorney, knowing that the testimony was not being reported by a stenographer^ should have made certain that his exceptions, together with the evidence, objection and ruling, were being noted by the minute clerk. The mere notation by the clerk of “Bill Reserved” would have been insufficient. Article 500, Code of Criminal Procedure; State v. Champagne, 160 La. 47, 106 So. 670; State v. Smith, 149 La. 700, 90 So. 28 and cases there cited.
 

 The facts of State v. Reed, 180 La. 741, 157 So. 547, depended on by appellants, in no way resemble those of this case. There, it was shown that the court stenographer failed to take down many of the defendant’s objections; that in a few instances only did she mention the reasons for the objections and that, in no instance, did she set down the reasons assigned by the judge for his rulings. Under the circumstances, this court held that it was impossible to determine whether there was error committed below; that defendant was without fault in the premises and that the failure of the stenographer to perform her duty had the effect of depriving defendant of his statutory right to have the testimony reduced to writing. Accordingly, a new trial was ordered.
 

 The convictions and sentences of appellants are affirmed.
 

 O’NIELL, C. J., absent.