The **UNITED STATES** of America, ex rel. Emile **WESTON**, Jr., Appellant,

v.

Maurice **SIGLER**, Warden, Louisiana State Penitentiary, Appellee.

No. 19402.

United States Court of Appeals Fifth Circuit.

Oct. 23, 1962.

Rehearing Denied Dec. 20, 1962.

Cameron, Circuit Judge, dissented.

Joel B. Dickinson, Baton Rouge, La., for appellant.

Scallan E. Walsh, Asst. Atty. Gen., Baton Rouge, La., Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Teddy W. Airhart, Jr., Asst. Atty. Gen., Thomas W. McFerrin, Special Counsel, Baton Rouge, La., for appellee.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

JONES, Circuit Judge.

The relator, Emile Weston, Jr., has appealed from a judgment of the District Court of the Eastern District of Louisi-

ana by which his application for a writ of habeas corpus was denied.

On June 18, 1956, Weston was indicted for rape. On October 17, 1956, he was convicted and sentenced to death. The conviction was affirmed on appeal to the Supreme Court of Louisiana. State v. Weston, 232 La. 766, 95 So.2d 305. A writ of habeas corpus was sought from the United States District Court for the Eastern District of Louisiana. The application was denied on the ground that state remedies had not been exhausted. This Court affirmed. Weston v. Sigler, Warden, 5 Cir., 262 F.2d 519. On certiorari the Supreme Court vacated the judgment of this Court and remanded the case to the district court with instructions to hear on the merits the application of Weston for a writ of habeas corpus. Weston v. Sigler, Warden, 361 U.S. 37, 80 S.Ct. 141, 4 L.Ed.2d 111. The district court has heard the application and denied it. We here review its action.

 Under the law of Louisiana a person accused of a capital offense may ask a prospective juror whether he has conscientious scruples against returning a verdict for less than capital punishment in the event the evidence convinced the jury of the guilt of the accused. State v. Weston, supra. It was contended by Weston that three of the prospective jurors gave answers requiring they be excluded on his challenge for cause. The Louisiana Court held that the prospective jurors were confused but not prejudiced. The testimony as to two of the prospective jurors was transcribed and was before the Supreme Court of Louisiana. The record of the third prospective juror was not before the court because the recording machine broke down. The Louisiana Supreme Court held there was no error because the trial judge stated that the prospective juror did not say that he could not qualify his verdict. But it seems to be the law of Louisiana that a person accused of crime is entitled to have a record of testimony with respect to matters on which bills of exception are predicated. In a case where the stenographer was unable to read her notes the Supreme Court of Louisiana annulled a conviction and remanded for a new trial. State v. Reed, 180 La. 741, 157 So. 547.

The principal contention here made by the appellant is that in his appeal to the Supreme Court of Louisiana, as an indigent appellant, he was unable to procure, at the expense of the State, a complete transcript of the trial proceedings. The position so taken, he asserts, is the doctrine of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055, and Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269. The appellee here, represented by the Attorney General of Louisiana, distinguishes the Griffin and Eskridge cases by saying that on the review by bill of exception under Louisiana procedure an indigent accused may get, at the expense of the State, a bill of exception and all pertinent testimony and evidence, whereas in the Griffin case, under Illinois law, the accused must find the funds to pay for the testimony and evidence; and in Eskridge, under the Washington law, the furnishing of a transcript is afforded as a matter of judicial discretion rather than as a matter of right. These arguments seemed convincing to the district court in which the habeas corpus proceeding was brought. The court noted the differences in the procedures in Illinois and Washington as compared with those of Louisiana and reached the conclusion that the Supreme Court of Louisiana had before it all of the record which was required to permit a review of the appellant's bills of exception. The application for habeas corpus was denied.

 It is our view that the principle set forth in the Griffin and Eskridge cases is much broader and far reaching than as construed by the district court. As we read these cases they stand for the proposition that where a state provides for an appellate review of a criminal conviction it must afford to indigent appellants all of the incidents of the appeal which might be had by those who could pay for them. See also Patterson v. Medberry,

10th Cir. 1961, 290 F.2d 275. By a Louisiana statute it is provided:

"The testimony of the witnesses on the question of guilt or innocence may be taken down under the supervision of the court and in order to explain any bill of exception which may be taken by counsel for the accused, the accused shall have the right, if he chooses, to have all of the testimony so taken made a part of the transcript; provided, that any accused desiring to send up the testimony of all of the witnesses so taken, shall pay for the same, and provided further, that the said testimony shall be considered only in explanation of the bills of exception reserved during the trial on behalf of the accused." LSA–R.S. 15:555.

This statute affords a right to those who have the funds to permit the right to be exercised. It is a right which the Louisiana courts will enforce by mandamus. State v. Paternostro, 224 La. 87, 68 So.2d 767. The right created by the statute is denied to those who are without the funds necessary to permit it to be enjoyed. In this class is the appellant. He has been denied equal protection of the law by the refusal of the State of Louisiana to supply to him, without cost, a full transcript.

Our disposition of the case makes it unnecessary to consider any of the other questions which the appellant seeks to raise.

The judgment of the district court will be reversed and the case remanded. On remand the district court should enter such appropriate order as will allow the State a reasonable time to afford the appellant the full appellate review he would have been entitled to have upon a complete transcript, or to award him a new trial, and failing either of these the appellant should be discharged. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, 19 A.L.R.2d 784.

Reversed and remanded.

CAMERON, Circuit Judge, dissented.

Rehearing denied; CAMERON, Circuit Judge, dissenting.