14 So.2d 851

### STATE v. VALENTINE.

No. 36941.

June 21, 1943.

Rehearing Denied July 13, 1943.

Cawthorn & Golsan, of Mansfield, for defendant and appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for the State, appellee.

HAMITER, Justice.

Defendant, Wilson Valentine, was convicted and sentenced under an indictment charging that he "did wilfully and unlawfully possess, offer and keep for sale intoxicating liquors, containing more than six per cent alcohol by volume, for beverage purposes, in DeSoto Parish, Louisiana * * *."

The law allegedly violated by him is a police jury ordinance which provides in part that "whoever shall sell, or keep for sale, any intoxicating liquors for beverage purposes in DeSoto Parish, Louisiana, shall, on conviction, be punished * * *."

Following the conviction and sentence defendant appealed; and, for the purpose of obtaining a reversal of the adverse deci- sion, he relies on four bills of exceptions reserved during the course of the trial.

On May 2, 1942, so the record discloses, three peace officers noticed a quantity of wine inside an automobile parked at or near a filling station in the northern part of DeSoto Parish. When informed by the car's occupants, Wilson McCall and Marvin Davis, that the liquor was being transported for and to its owner, defendant Valentine, the officers ordered that a delivery of it be made. Later they went to and raided the building which served defendant both as a residence and a place of business and there found the intoxicants and arrested him.

It does not appear that defendant was observed actually selling the liquor. Therefore, to obtain a legal conviction under the ordinance in question the state carried the burden of showing not only possession by defendant but also an intention on his part to sell it.

On direct examination W. O. Ruckaby, one of the peace officers, testified that prior to making the arrest he had received numerous complaints from both white and colored persons about defendant's selling of whiskey. And when questioned under cross examination by defense counsel he gave the following testimony:

"Q. I ask you, Mr. Ruckaby, have you ever been able to successfully apprehend him for the offense of selling whiskey? A. That is the only time I have tried to catch him.

"Q. The only time you ever tried? A. I warned him about it before, previous to that.

"Q. Well, did you, after discovering this whiskey several miles north of Mansfield, follow the alleged transporters to his residence? A. Yes, sir.

"Q. Because of the complaints made to you? A. No, sir.

"Q. Why did you? A. The complaints had nothing to do with the case at this time.

"Q. Now, I ask you this question, for the purpose of proving or laying the foundation to rebut the allegation or intent on behalf of the state, to whom or by whom, where and under what circumstances were complaints made to you with reference to the activities of the man in this case?"

The district attorney interposed an objection to the last question, the reason assigned being that "it is irrelevant and immaterial as to just who made the complaint and for the further reason that any complaint made by any citizen to the officer of the law, when the complaint itself is in the possession of the prosecution, it is a privileged communication."

The court sustained this objection, thus refusing to require the officer to give the requested information about the persons making the complaints.

To this ruling the first bill of exceptions was taken; and, in connection with it, counsel for defendant argue in their brief:

"The Court had before it absolutely no testimony upon which a legal valid conviction could be reasonably based, unless it considered, as a positive fact, and as evidence against the appellant, the complaints mentioned, coupled with the possession. It was upon the theory that the officer's testimony about complaints having been made to him would be considered as a circumstance and fact, which considered with the possession, would be the basis upon which the Court would convict. To think otherwise would be folly. The mere possession alone, uncoupled and unconnected with intent to sell, is not a violation of the law. The Court having considered this testimony about complaints, as a circumstance, supported by possession, as the grounds for a conviction, certainly made the testimony relevant and material, and to fail to allow appellant the opportunity to go into detail enough to test the veracity and truthfulness of these statements coming from a professional witness, is highly prejudicial and constitutes a deprivation of his liberty, without due process of law."

 The ruling, we think, was correct. As pointed out by the judge during the trial of the case, and also in his per curiam, the officer had previously testified that the complaints had nothing to do with the arrest or the prosecution; hence, the information attempted to be obtained was clearly irrelevant and inadmissible. The purpose in requesting it was to lay the foundation to rebut the complaints; but "it is not competent to impeach a witness as to collateral facts or irrelevant matter." Article 494 of Louisiana Code of Criminal Procedure. Of course, as correctly stated by the judge, "if the complaints had been of such nature as to be related to the present prosecution, or formed the basis of the prosecution, then there might have been some merit in the contention of counsel."

■ The record does not support the charge made that, except for the mentioned complaints, the district court had before it no evidence upon which a legal conviction could be based. To the contrary, it is said in a per curiam of the judge that:

"There was plenty of evidence before the court other than the possession of the intoxicating liquors to prove the guilt of the accused, including admissions made by him to the arresting officers at the time of the raid. There was no question in my mind on the facts in the case as to his guilt."

Also he stated, in commenting on the denied information, that:

" * * * This would have only subjected the officer to the embarrassment of revealing names of citizens interested in law enforcement who had previously tried to help the officers, and without being of any material benefit to the court in this case in determining the guilt or innocence of the accused on this particular charge."

■ A complete transcript of the testimony is not before us. But if it were, it could be considered only for the purpose of determining if there was a total absence of evidence of guilt. Where there is some evidence to sustain the conviction, no matter how little, this court has no power or authority to pass upon the question of whether or not it is sufficient. State v. Rogers, 152 La. 905, 94 So. 439; State v. Dunnington, 157 La. 369, 102 So. 478; State v. Singley, 195 La. 519, 197 So. 218; State v. Lassiter, 198 La. 742, 4 So.2d 814.

The Lassiter case is cited and relied on by defense counsel. Therein we set aside the conviction of the defendant, who was charged with possessing intoxicating liquor for sale, the trial judge admittedly having presumed that she possessed it for sale on account of the quantity found on hand. Here, however, no such presumption appears to have been indulged in. According to the per curiams in the record, the court predicated the conviction on competent proof.

■ The second bill of exceptions was taken when peace officer Ellis Spears was permitted to answer the district attorney's question, over defendant's objection, relating to the delivery of the wine by McCall and Davis. The officer was asked: "Had these parties been delivering the wine to a person with a reputation for never having sold whiskey, would you have allowed them to go ahead and make the delivery?" His reply was: "No, sir. I wouldn't have allowed it to be taken, if I hadn't had some complaints." As grounds for the objection defense counsel urged that "said question specifically is an attempt to attack through the back door the reputation of the defendant in this case at a time when the state is engaged in placing their principal case in the record."

Perhaps the question would have been objectionable if it had been propounded on direct examination; because, as said in State v. McBeth, 167 La. 324, 119 So. 65, "no matter what the charge may be, the reputation of the accused cannot be inquired into by the state until the accused

himself makes it an issue by attempting to prove his good character, or by consenting that his character be shown." But it was asked by the district attorney on redirect examination, after the witness had been cross examined at length as to the reason for permitting a delivery of the liquor to defendant; and the answering of it was allowed solely in the interest of making explanation of the officer's action. With reference to this, the judge, in his per curiam, states:

"The District Attorney had a right to have the officer explain his action on redirect examination as to matters brought out on cross-examination that the reason he did not arrest the parties (Davis and McCall) at Kickapoo was that the defendant had been warned of selling whiskey, and that since the parties told him this belonged to the defendant, he wanted to catch the owner.

"This matter cannot be brought out by the defense on cross-examination and then the prosecution be prohibited from having its witness explain his action, and therefore the court did not consider it an attack through the back door of any other manner on the defendant's character, but only by explanation of a fact elicited by the defendant, not fully explained, and the court restricted the admission of the testimony to that point alone.

\* \* \* \* \*

"Defendant certainly was not prejudiced for he afterwards opened wide the question of his character, and it developed that he conducted a business, mostly that of gambling with negroes.

"Since the matter was brought out on cross examination as to why the parties were allowed to proceed, and a partial explanation given, I was of the opinion that it was proper to allow the officer to make a full explanation and was no 'back door' entry into the defendant's character. It might have been objectionable to some extent if asked on direct examination, without the evidence which had before gone in, but not as explanation to evidence already brought out on cross examination by the defendant."

Under the recited circumstances, and particularly as the question was permitted to be answered for the restricted purpose named, we think that no error was committed.

■ Objection was also urged to the district attorney's question, on redirect examination, of: "Why did you allow Marvin Davis and Wilson McCall to deliver the whiskey?" The court's overruling of it, on which action bill of exceptions No. 3 is based, was likewise proper. Defense counsel had interrogated the witness on this identical matter under cross examination.

To the overruling of defendant's motion for a new trial, bill of exceptions No. 4 was taken. The motion embraces the same issues hereinabove discussed, and the ruling thereon was correct.

For the reasons given the conviction and sentence are affirmed.