16 So.2d 226

**STATE v. NOMEY.**

Nos. 37320, 37321.

Dec. 13, 1943.

W. T. Holloway, of Jonesboro, for relator.

Eugene Stanley, Dist. Atty., of New Orleans, Niels F. Hertz, Sp. Asst. Atty. Gen., Fred L. Jackson, Dist. Atty., of Homer, and Wayne Stovall, Asst. Dist. Atty., of Jonesboro, for respondents.

HAMITER, Justice.

In the Parish of Jackson, by virtue of an election held pursuant to this state's local option statute, the business of handling and selling alcoholic and intoxicating liquors is prohibited. And to make the prohibition effective, the police jury adopted an ordinance providing a penalty for the sale or keeping for sale of both intoxicating liquor and beer.

I. C. Nomey, the defendant in these cases, conducts a small mercantile establishment and resides in a certain building located in Jackson Parish. In the front part of the structure is located his business; his living quarters are maintained in the rear portion. A small storeroom is on the side of and attached to the building.

On February 19, 1943, some officials of the named governmental subdivision visited and searched defendant's premises, finding there a quantity of whiskey (one quart and seven pints), a pint of wine, and a case of beer (12 cans). The whiskey and wine were in a drawer of a dresser or wardrobe located in the living quarters; the beer was in the storeroom.

As a result of that search and finding, the district attorney presented two bills of information against defendant. One of these (No. 4756 in the district court and No. 37,320 here) was filed under the parish ordinance, and it charged him with willfully and unlawfully keeping for sale intoxicating liquor, commonly called beer, for beverage purposes. The other (No. 4757 of the district court and No. 37,321 here) alleged a violation of a state statute (Act No. 15 of 1934, as last amended by Act No. 202 of 1940, Dart's Criminal Statutes, § 1362.13), in that the accused was willfully and unlawfully keeping for sale intoxicating liquor, commonly called whiskey and wine, for beverage purposes.

In each case defendant urged several motions, including a motion to quash and one for a bill of particulars. All were overruled, and to the court's rulings thereon proper exceptions were reserved.

At the commencement of the trials permission was granted to the accused, and it was availed of by him, to have a stenographer take down and transcribe at his expense all of the testimony adduced. The trials resulted in a conviction and sentence under each charge.

Motions for new trials and in arrest of judgments having been overruled, defendant applied to this court for relief under our supervisory jurisdiction. We granted the requested writs of certiorari and prohibition, and the cases were brought before us for consideration.

In his motions for new trials and in arrest of judgments filed in the district court, and in his argument here, defendant earnestly complains that in the trial of the cases no proof was made of his being in the business of selling intoxicating liquor and beer or of his keeping them for sale.

▆▆▆▆ It is well settled in our jurisprudence that this court will not pass upon the sufficiency of the evidence in a criminal case where there was some proof adduced to sustain the conviction; that is a matter with which the trial judge and jury are exclusively concerned. But a complaint that a conviction is based upon no evidence at all, as defendant in these cases makes, presents the question of law of whether it be lawful to convict an accused without any proof whatsoever as to his guilt. Such question we must decide, and to do so the evidence will be examined. State v. Daniels, 164 La. 737, 114 So. 636; State v. Gani, 157 La. 231, 102 So. 318; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369, 102 So. 478; State v. Russell, 161 La. 167, 108 So. 324; State v. Bush, 156 La. 973, 101 So. 382; also State v. Singley et al., 195 La. 519, 197 So. 218; State v. Valentine, 203 La. 1057, 14 So.2d 851.

As before shown, all of the testimony elicited in these cases is before us, it hav-

ing been taken down and transcribed at defendant's request and expense and with the district court's permission. We have examined it carefully and fail to find any proven facts or circumstances tending to show that defendant was keeping for sale the liquor, wine and beer, or any of it, as he is charged. The only testimony relative to the proposed use of the liquor and wine was given by defendant's wife; she testified that those liquids were purchased for her consumption, to "drink for sickness." The ownership of the beer was disclaimed by defendant, and this was in no manner refuted.

To sustain the charges made against defendant, it was incumbent on the state to show that defendant purposed to sell the whiskey, wine and beer found on his premises, a mere disclosing of possession by him being insufficient. Facts and circumstances, from which such a conclusion could be drawn, should have been proved. This was not done; hence defendant was illegally convicted.

This holding makes unnecessary a consideration of the several bills of exceptions reserved by defendant to the overruling of his motions filed in advance of the trial.

For the foregoing reasons, the writs granted by us in these cases are now made peremptory; and it is ordered that defendant's conviction and sentence in causes No. 4756 and No. 4757 of the docket of the district court be annulled and set aside and that he be discharged.