82 So.2d 691

**STATE of Louisiana**

v.

**Peter HAND and Nick Bonura.**

No. 42331.

June 30, 1955.

Rehearing Denied Oct. 4, 1955.

Maurice R. Woulfe, James P. Screen, New Orleans, for defendants-appellants.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

HAMITER, Justice.

In a bill of information, filed in the Criminal District Court for the Parish of Orleans, Peter Hand, Frank Ragusa and Nick Bonura were charged with having committed " * * * the crime of gambling as defined by LSA–R.S. 14:90, in that each did unlawfully and intentionally conduct and directly assist in the conducting, as a business, at 2037 Adams, of a game, contest, lottery and contrivance, in that each did encourage, promote and aid divers persons * * * to bet and wager upon the results of running, trotting and pacing horse races, by the operation of a betting book, at a place other than within the track or other enclosure where said horse races took place, whereby a person risked the loss of a thing of value in order to realize a profit * * *."

During the course of a joint trial of the three defendants, shortly before the state had completed its case, Ragusa pleaded guilty to the charge. Regarding the gambling equipment introduced in evidence; he stated: "That is my paraphernalia there and that is why I plead guilty." The trial then proceeded; and, at the conclusion

thereof, Hand and Bonura were found by the judge to be guilty as charged.

Following the overruling of their motions for a new trial and the judge's sentencing of them, Hand and Bonura requested and obtained this appeal.

■ Each appellant presents for our consideration a single, identical bill of exceptions, it having been reserved to the overruling of the motion for a new trial in which the complaint was made that an essential element of the crime of gambling had not been proved, particularly that no evidence was offered to show that the defendant intentionally conducted or directly assisted in conducting the type of gambling charged in the information. Invoked by such bill is the well established principle that this court " * * * cannot pass upon the sufficiency of the proof in a criminal case where there is some evidence adduced, no matter how little, to sustain the conviction; that is a matter with which the trial judge and jury are exclusively concerned. It can and will, however, determine whether or not there is any legally admitted evidence at all of a fact essential to a conviction. * * *" State v. Davis, 208 La. 954, 23 So.2d 801, 812. See also State v. Dunnington, 157 La. 369, 102 So. 478; State v. Nomey, 204 La. 667, 16 So. 2d 226; State v. McLean, 216 La. 670, 44 So.2d 698 and State v. Matassa, 222 La. 363, 62 So.2d 609.

The transcript of testimony, made a part of each bill of exceptions and which we have carefully examined, contains some evidence tending to support the trial judge's conclusion of guilt on the part of each appellant. Thus, it is shown therein that the upstairs apartment (of a two-story residence) in which the betting book operations were conducted, consisting of three bedrooms, a kitchen, a bathroom and a hall, was occupied by Hand as lessee and for sometime it had constituted his living quarters. In such apartment were three telephones, each equipped with a twenty-five foot cord which permitted use thereof in any room. Although only one of the telephones was listed in Hand's name he paid the charges on all three.

Preceding the arrests of the defendants on January 14, 1955, two officers of the New Orleans Police Department kept the apartment under surveillance for about two hours, and during this period they observed entering it Bonura and Ragusa together and Hand alone. About 2:00 P.M. o'clock of such date those officers, along with two others who had joined them and possessed a warrant for searching the premises, rang the apartment's door bell. Thereupon, they were questioned by Hand from an upstairs' front window as to who was there. On being informed that the police were at the door Hand "told them something like just a minute or all right, something to that effect." Momentarily thereafter, having

heard sounds of running and scuffling upstairs, the police broke a panel of the door, unlocked it from the inside, and entered. On nearing the top of the stairs they observed Hand and Bonura running in the hall, from a point near the kitchen (which was centrally located) to the back bedroom, each carrying a telephone. Hand, after calling to the officers from the front window, had entered the hall by way of the adjoining kitchen. On going into the back bedroom either Hand or Bonura turned on the television set located therein.

A search of the premises resulted in finding in the kitchen (where Hand had admittedly passed a short time before) much gambling paraphernalia, some of which was being burned in a trash can (the officers extinguished the fire by the use of a nearby bath tub). Moreover, during the course of the search, which lasted some thirty minutes, the three telephones rang constantly—approximately twenty-five times. The callers, with whom the police officers talked, were asking principally for Frank (Ragusa) and Nick (Bonura) and seeking to place bets or obtain information as to winners in various horse races.

■ Considering the facts and circumstances narrated above, along with others established by the record, we are compelled to hold that there was some basis for the trial judge's conclusions.

For the reasons assigned the convictions and sentences are affirmed.