FOURNET, Chief Justice.
The defendant, Moses Turner, is appealing from his conviction on a bill of information charging him with operating an automobile upon a public highway while under the influence of intoxicating liquor, and his sentence thereunder to a fine of $325 or 60 days in jail, relying for reversal on two of the three bills of exception reserved to the rulings of the trial judge — Bill of Exception No. 1, though also perfected, not being urged in the appellant’s brief.[1]
In order to dispose of the two bills relied on, both having to do with the defendant’s plea of entrapment, it is necessary to give a short résumé of the facts with defendant’s version of the entrapment. The evidence shows that the defendant, at home on leave from the Army and wishing to drive around the countryside in his car to visit various places in the Parish and have some drinks, invited his friend, Lloyd Elmore Ewing, who does not drink, to accompany him and drive the car; that late at night, when homeward bound after various stops, the car was flagged by State Police and Ewing was arrested for- speeding; the defendant claims that the officers, *205 with the intention of entrapping him, told him to follow them into town where he could post bond for his friend at the Parish Jail, but upon his doing as they had instructed and by following the officers, who were traveling at the rate of 70 miles per hour, he was arrested.
The second bill of exception was reserved when the trial judge refused to charge himself as requested by counsel for the defendant, to wit: (1) “The evidence in this case discloses that the prosecuting officers on whose testimony the Court is asked to convict authorized and permitted the defendant in this case to drive the car and thereafter, based on his driving, filed the present charges against him and that their action amounted to an entrapment and that such entrapment entitled the defendant to a verdict of Not Guilty;” (2) “The evidence disclosing that the officers who are prosecuting witnesses whose testimony is necessary for a conviction herein authorized and afforded the defendant the opportunity to drive the automobile and upon his driving said car based on their authority and permission then charged him herein with the offense based on such driving and that their action amounted to an entrapment and enticement of the defendant to commit the offense and he is therefore entitled to a verdict of Not Guilty;” and (3) “The Court charges itself that the evidence shows a state of facts disclosing an entrapment of the defendant contrary to law by the officers who are the prosecuting witnesses herein and the defendant is therefore entitled to be discharged.” Upon the trial court’s refusal to so charge itself, the defendant’s counsel sought to dictate into the record an amendment to the first charge by prefixing the word “If.” And the third bill of exception was reserved when the trial judge refused defendant’s motion for a new trial, in which was posed for consideration the question of whether or not the evidence, made a part of that bill, shows that there was an entrapment of the defendant by the police officers on whose testimony he, the defendant, was convicted.
A perusal of the evidence will show that while the defendant and his friend Ewing testified that the defendant was induced to follow the officers, as above stated, this is contradicted by the officers; consequently, both bills are without merit, as it is the duty of the trial judge to give a requested charge only when it is “wholly correct and wholly pertinent”;[2] it is not within the province of -this Court to pass on the credibility of witnesses or decide the weight to be given the evidence, these being matters exclusively for the jury or the judge, whichever is required by law to render the verdict in a particular case,[3] and the trial judge is never authorized to make *207 a- charge based on a special defense not supported by the evidence.[4]
For the reasons assigned, the judgment and conviction are affirmed.

. The case was submitted, without oral argument in this Court.

. LSA-R.S. 15:390.

. LSA-R.S. 15:384; State v. Roberts, 224 La. 491, 70 So.2d 100, and numerous authorities therein cited.

. State v. Norris, 222 La. 480, 62 So.2d 649; State v. Reed, 206 La. 143, 19 So.2d 28; State v. Natalle, 172 La. 709, 135 So. 34; State v. Burch, 170 La. 812, 129 So. 212; State v. Tatum, 162 La. 872, 111 So. 264.