94 So.2d 11

**STATE of Louisiana**

v.

**Robert L. McCARTY.**

No. 43081.

Feb. 25, 1957.

Rehearing Denied April 1, 1957.

Joseph S. Guerriero, Monroe, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Albin P. Lassiter, Dist. Atty., Gilbert T. Brown, Jr., Asst. Dist. Atty., Monroe, for appellee.

PONDER, Justice.

The defendant was convicted for the offense of operating a motor vehicle while under the influence of intoxicating liquor in violation of Article 98 of the Criminal Code, now LSA–R.S. 14:98. He was sentenced to serve 125 days in the parish jail and to pay a fine of $500, in default of the payment of the fine, to serve six additional months in jail. He has appealed from the conviction and sentence, relying on a bill of exception taken to the overruling of a motion for a new trial based on the ground that there was no evidence to support the conviction and sentence.

The defendant contends that there was no evidence presented to the court that he had been drinking whisky. He admits that he was intoxicated but takes the position that his intoxication resulted from the consumption of beer and that, therefore, under the holding in the case of State v. Viator, 229 La. 882, 87 So.2d 115, the phrase "intoxicating liquor" as used in LSA–R.S. 14:98 does not include intoxication from the consumption of beer.

After reading the testimony taken on the trial of this case which is attached to the bill of exception, we find that it is not necessary for us to determine whether or not the case of State v. Viator has any bearing on this case for the reason that there is some evidence in the record that the defendant had been drinking whisky. He admitted to the arresting officers that he had been drinking whisky and a bottle of whisky fell from the person of his companion at the time he was arrested.

It is only where there is a total lack of evidence of the fact or facts required to prove the guilt of the party that this Court will set aside the conviction. See the recent case of State v. Harrell, La., 93 So.2d 684, and the authorities cited therein. Whether or not the evidence in any case is sufficient to support a conviction is a question of which this Court has no jurisdiction. State v. Martinez, 201 La. 949, 10 So.2d 712 and State v. Tucker, 204 La. 463, 15 So.2d 854. In other words, we cannot inquire into the sufficiency of the evidence. As long as there is some evidence supporting the charge, we are prevented from setting aside the conviction and sentence.

For the reasons assigned, the conviction and sentence are affirmed.

SIMON, J., concurs in the decree.

HAWTHORNE, J., absent.