HAMITER, Justice
(dissenting).
In a criminal case this court may interfere with the factual finding of the jury or the trial judge (as the case may be) only where there is no evidence at all to sustain the conviction. If there is some evidence in proof of the essential elements of the crime charged, either direct or circumstantial and regardless of the quantity thereof, we are without jurisdiction to pass on its sufficiency. State v. Sawyer, 220 La. 932, 57 So.2d 899. See also State v. Roberts et al., 224 La. 491, 70 So.2d 100 and the numerous decisions cited therein.
Here the jury had before it circumstantial evidence indicating, and warranting the jury’s conclusion, that the victim was unmarried at the time of the alleged unlawful act. Thus, it was shown, according to the record, that then she was barely fourteen years of age, attending school, and living with her parents. Moreover, as the majority opinion correctly points out, there was considerable testimony elicited to the effect that, subsequent to the filing of the charges herein, the defendant on several occasions expressed a desire to marry the girl and endeavored to prevail upon her mother to consent to a marriage.
It is my opinion, therefore, that the question presented by defendant’s motion for a new trial relates only to the sufficiency of the evidence and is not determinable by this court.
I respectfully dissent.