120 So.2d 835 (1960)
239 La. 1000
STATE of Louisiana
v.
Victor LINKLETTER, and one John H. Soldani.
No. 44939.
Supreme Court of Louisiana.
February 15, 1960.
On Rehearing May 31, 1960.
*836 Byrnes & Wallace, Sam Monk Zelden, Max Zelden, Frank Shea, New Orleans, for defendants-appellants.
Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard A. Dowling, Dist. Atty., Robert Zibilich, Asst. Dist. Atty., New Orleans, for appellee.
HAMITER, Justice.
A bill of information was filed in the Criminal District Court for the Parish of Orleans charging that on August 16, 1958 Victor Linkletter, Joseph Lacaze, John H. Soldani and Ruth Morrisson committed simple burglary of the building and structure No. 134 Carondelet Street, Orleans Parish, belonging to one Lawrence Federico with the intent to commit a theft therein. Later, the court granted a severance as to Lacaze and Ruth Morrisson.
Trial of Linkletter and Soldani by a jury followed, at the conclusion of which both were found guilty as charged. Thereupon, the judge sentenced each to imprisonment in the state penitentiary at hard labor for a period of nine years.
Linkletter and Soldani appealed to this court, and they rely on three bills of exceptions to obtain a reversal of the convictions and sentences.
In the prosecution the state relied solely on circumstantial evidence. Its theory of the case was that appellants, along with Lacaze and others, committed the crime charged after having conspired to burglarize almost all of the business establishments located within the square or block surrounded by St. Charles, Canal, Carondelet and Common Streets, including 134 Carondelet Street; that in furtherance of the conspiracy they, on August 12, 1958, rented the third floor of a building at 719 Common Street (also within such square) which permitted ready and easy access to the mentioned business establishmentsthis by walking on adjoining roofs and gaining entrance to the nearby various structures through sky lights and upper windows thereof; and that, for accomplishing the contemplated burglaries, they had assembled at the Common Street address much burglary equipment, it consisting primarily of a ladder, oxygen and acetylene cylinders, goggles, crow bars, and three loaded pistols.
In its attempt to show the asserted conspiracy the state offered the testimony of several police officers regarding the actions of Linkletter and Lacaze on August 24, 1958, or eight days after the date of the crime charged. When the judge overruled a defense objection to this testimony bill of exceptions No. 1 was reserved.
Appellants themselves place little emphasis on their first bill. The briefs of their counsel furnished to us merely state that it "is being submitted for consideration by the Court on the information contained in the formal bill filed of record and the per curiam of the Court." Nevertheless, we find no merit in the bill. The circumstances surrounding its reservation indicate that the objection was aimed at the claimed irrelevancy of the testimony. However, we note that it placed Linkletter and Lacaze in physical control of the third floor premises of 719 Common Street, including the large quantity of burglary equipment found there which they had previously assembled. The evidence, therefore, was relevant and admissible *837 to prove intent and motive with respect to the commission of the crime charged. LRS 15:446 and State v. Green, 205 La. 439, 17 So.2d 620. Moreover, the actions described in the testimony elicited were not too remote, the state having relied entirely on circumstantial evidence to prove its case. State v. Jackson, 153 La. 517, 96 So. 53.
Bill of exceptions No. 2 was taken to the trial judge's refusal to grant a mistrial when the assistant district attorney, during his closing argument, made the following comment: "* * * and gentlemen of the jury I tell you that no reasonable hypothesis of innocence has been advanced to prove to you otherwise." We find no error in the judge's ruling. In our opinion the remarks complained of did not, as defense counsel urge, constitute either a comment on the failure of the appellants to take the stand or an expression of a personal opinion as to their guilt based on evidence outside the record. The language assailed, as we understand it, related only to the prosecutor's appreciation of the evidence adduced. Indicative of this conclusion is his later statement, made to the jury following reservation of the bill of exceptions, that: "Let me put it a different way. I can see no reasonable hypothesis of innocence and I am sure you can't either." The import of the complained of remarks was, undoubtedly, that the evidence introduced by the state had excluded every reasonable hypothesis of innocence; that it was, in other words and as held to be proper in State v. Bentley, 219 La. 893, 54 So.2d 137, 138, "uncontradicted and uncontraverted."
The third and last bill of exceptions relates to the judge's overruling of motions for a new trial. With respect thereto appellants, in this court, complain that there was no evidence whatever to support the convictions; and it is urged that, therefore, under the authority of numerous decisions, including those in State v. Nomey, 204 La. 667, 16 So.2d 226; State v. La Nasa, 229 La. 842, 87 So.2d 1 and State v. Harrell, 232 La. 35, 93 So.2d 684, they must be discharged.
We seriously doubt that the motion for a new trial filed by Linkletter properly raised the issue of whether there was any evidence adduced to support the charge. It, we find, merely asserted the insufficiency of the proof to connect him with the crime; it did not allege a total lack thereof. Be that as it may the issue was presented by Soldani in an amended motion, and in reviewing the record for the purpose of passing on his complaint we have also examined it with reference to that of Linkletter.
Unquestionably, there was evidence tending to support the conviction of Linkletter. Thus, some of the police officers who investigated the charged burglary of 123 Carondelet Street (known as Variety Stag Bar) observed that entry into the safe or vault there (from which funds in excess of $1500 were stolen) had been accomplished by burning with a blow torch, and that at the scene were two crow bars painted green. After Linkletter's arrest some green paint in a can was found in his apartment at 930 Poydras Street which, according to a laboratory analysis, exactly matched that on such crow bars. Also in his apartment was a card on which were listed, in Linkletter's handwriting, addresses and telephone numbers of numerous businesses located in the square in question.
Again, two days before the commission of the burglary a man, who identified himself as Joseph Cramer, purchased from the Industrial Air Products Company in New Orleans two cylinders filled with oxygen and acetylene, respectively. Six days later those articles, in partially used condition, were exchanged by the same person for two new and completely filled ones. And the latter two were among the burglary equipment that was found under Linkletter's physical control at 719 Common Street on August 24, 1958.
Furthermore, on the day of the burglary a regular customer of the Variety Stag Bar *838 observed Linkletter in that establishment carefully examining the rear portion of the premises where the safe or vault was located. According to the customer Linkletter appeared to be "casing the place", and he so notified the proprietor.
In our opinion such evidence, although circumstantial, would tend to connect Linkletter with the charged crime's commission. And, this being true, it was exclusively the province of the jury to determine what weight should be accorded thereto. As stated in State v. Matassa, 222 La. 363, 62 So.2d 609, 614, "* * * It is elementary that in criminal cases this court cannot pass upon the sufficiency of the evidence. Where some evidence has been adduced upon which a verdict of guilty can be predicated (no matter how little), the question of its sufficiency is exclusively for the jury's determination. * * *" See also State v. Di Vincenti, 225 La. 689, 73 So.2d 806; State v. Hand, 228 La. 405, 82 So.2d 691; State v. McCarty, 232 La. 145, 94 So.2d 11; and State v. Domino, 234 La. 950, 102 So.2d 227.
However, we are compelled to reach a different conclusion with respect to Soldani's alleged participation in the burglary. In the record there is no evidence whatever from which it can reasonably be concluded that he played a part in the commission of the crime charged. The state established only three facts relative to him. And none, considered either separately or collectively, indicates that he participated. These facts are as hereafter set forth.
1. Soldani was a partner of Linkletter and Ruth Morrisson in the operation of a novelty shop at 4516 Magazine Street in the City of New Orleans (this establishment was located a considerable distance from the scene of the crime and in an entirely different section of the city), on the premises of which some paint in cans was found. But it was affirmatively shown that such paint was not the same as that on the crow bars observed at 134 Carondelet Street after the burglary. Moreover, Soldani did not actively participate in that business; nor was there any showing of his association, frequently or otherwise, with Linkletter, Lacaze or Ruth Morrisson.
2. According to the elderly manager of the Elks Club of New Orleans, located at 705 Common Street, "this fellow on the left" (presumably Soldani) came into the club during an afternoon some days after the burglary (no definite date is given) and demanded money. However, he was not masked, and he had nothing in his hands. On the refusal of his demand he left the premises.
3. On August 24, 1958 an automobile registered in February of that year in the name of Soldani was used by Linkletter and Lacaze to transport oxygen and acetylene cylinders to 719 Common Street. The same vehicle had been employed several days previously in hauling equipment of that nature to and from the Industrial Air Products Company in New Orleans. Also on August 20, 1958 Linkletter was issued a traffic ticket while driving such car. But there was no showing as to how or under what circumstances the automobile was obtained by Linkletter, or that it was used in the commission of the burglary, or that Soldani was ever in it with or without his alleged co-conspirators.
For the reasons assigned the conviction and sentence of Victor Linkletter are affirmed. Further, the conviction and sentence of John H. Soldani are annulled and set aside and he is hereby ordered discharged.
McCALEB, Justice (dissenting in part).
I fully subscribe to the holding that there is some evidence to support the conviction of Linkletter but cannot agree with the majority conclusion that there was no evidence to connect Soldani with the crime. The testimony in the case at bar, as pointed out in the majority opinion, showed that Soldani's automobile was used by Linkletter and Lacaze to transport oxygen and acetylene cylinders to 719 Common Street, *839 the yeggmen's headquarters, where their equipment was stored and from where their operations were conducted. The state also showed that the automobile, registered in the name of Soldani, was used to haul these oxygen and acetylene cylinders to and from Industrial Air Products Company and that Linkletter was issued a ticket for a traffic violation while driving this car.
In resolving that this evidence does not link Soldani with the burglary, the majority say "* * * there was no showing as to how or under what circumstances the automobile was obtained by Linkletter, or that it was used in the commission of the burglary, or that Soldani was ever in it with or without his alleged co-conspirators."
It is thus seen, from the foregoing quotation, that the majority is not concluding that there is no evidence at all to link Soldani with the crime; rather, the Court is evaluating the evidence that Soldani's car was used to carry out the conspiracy and concluding that that evidence is insufficient to sustain his conviction. However, I do not understand that the Constitution permits the Court to weigh the evidence; that is the function of the jury. Section 9 of Article 19 of the Constitution declares, in part:
"The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge."
Therefore, this Court, acting under the appellate jurisdiction conferred by Section 10 of Article 7 of the Constitution, which limits review in criminal cases to questions of law, is wholly without right to consider the sufficiency of evidence in a criminal case on the theory that a question of law has been presented. It is true, of course, that when there is a total lack of evidence to sustain a conviction, a question of law is presented, and the Court may examine the record on appeal to ascertain if such is the case. But the court should always be extremely careful in applying this exception to be certain that the record reveals no evidence whatever of guilt, and not yield to the temptation of evaluating the evidence in determining its remoteness, lest the Court trench upon the jury's constitutional prerogative to judge the facts. I do not feel that the evidence against Soldani in the instant case was so remote that it was inadmissible or that it had no bearing whatever to the crime.
It should be noted that the majority has also dismissed the evidence respecting Soldani's visit to the Elks Club (which was on the list of places to be burglarized found in Linkletter's apartment), where he wanted the manager to open the safe and demanded money, with the statement that Soldani was not masked or armed and that, when his demand was refused, he left the premises. It may be that the jury thought that the real purpose of Soldani's visit to the Elks Club was to ascertain the location of the safe for a prospective burglary and that this fact, considered with the other circumstances, i. e., use of his automobile and association with Linkletter and Ruth Morrisson in the novelty shop business, was sufficient to convince it beyond a reasonable doubt that Soldani was part and parcel of the conspiracy and the burglary for which he had been charged with the other defendants.
So to say that there is no evidence at all to link Soldani with the crime is, in my view, incorrect. In reality, the Court is holding that the evidence on which the jury found him guilty is insufficient. To this I cannot subscribe and, therefore, I respectfully dissent in so far as the opinion annuls Soldani's conviction and orders him discharged.

On Rehearing.
HAMLIN, Justice.
A rehearing was granted in this matter in order that we might consider that part of our decree which annulled and set aside *840 the conviction and sentence of John H. Soldani and ordered him discharged.
John H. Soldani, Victor Linkletter, Joseph Lacaze, and Ruth Morrisson were charged by bill of information with committing simple burglary (a violation of LSA-R.S. 14:62) of the building and structure known as Variety Stag Bar, 134 Carondelet Street, New Orleans, Louisiana, on August 16, 1958, with the intent to commit a theft therein. After severance was granted Lacaze and Morrisson, Linkletter and Soldani were jointly tried; the jury returned a verdict of "Guilty as charged."[1]
On appeal, we affirmed Linkletter's conviction and sentence but found that there was no evidence whatever in the record from which it could be reasonably concluded that Soldani played a part in the commission of the crime charged. This finding was made in response to Soldani's supplemental motion for a new trial, in which he alleged:
"That the record is indicative that there was a complete lack of evidence to support the proof essential to a valid conviction.
"That your mover herein was convicted solely by association and the record is void of any proof necessary for a conviction under the charges which have been brought against him."
When such a contention is made, an examination of the evidence may be made by this Court.
"The Constitution of Louisiana grants to the Supreme Court authority to review criminal cases on questions of law alone. Section 10 of Article VII. It is only where it is contended there is no evidence at all tending to prove the crime charged, or some essential element thereof, that the question posed becomes one of law and we are authorized to review the testimony for the purpose of ascertaining whether there is, in fact, evidence, either direct or circumstantial, that would support the conviction. State v. Seiley, 197 La. 405, 1 So.2d 675; State v. Hardy, 198 La. 1048, 5 So.2d 330; State v. Mattio, 212 La. 284, 31 So.2d 801; State v. Vallery, 214 La. 495, 38 So.2d 148; State v. Roberts, 224 La. 491, 70 So.2d 100; and State v. Turner, 228 La. 202, 81 So.2d 861, and the authorities therein cited. * * *" State v. Di Vincenti, 232 La. 13, 93 So.2d 676, 681.
On original hearing, we set forth the facts of this case and considered the three facts relative to Soldani presented to the jury by the State. Herein, we shall only consider those facts necessary for decision.
Prior to and at the time of the commission of the instant crime, Linkletter, Morrisson, and Soldani were partners in a novelty shop business located at 4516 Magazine Street, New Orleans, Louisiana. Its operation was conducted by Linkletter. No showing was made to the effect that burglary tools and equipment were housed in this shop; no connection was made between the stock of the shop and the tools employed in the perpetration of the crime; no testimony was adduced to the effect that a conspiracy took place in the novelty shop. There was no placement of Soldani in the novelty shop together with Linkletter and Morrisson.
Soldani's blue 1949 Ford automobile was used by Linkletter and Lacaze to convey oxygen and acetylene cylinders from Industrial Air Products Company in New Orleans to a rendezvous employed by them to house burglary equipment. This equipment was used in the perpetration of the instant crime (a safe was burned and entered). After the commission of the crime, *841 Soldani's automobile was used to return the cylinders and transport new ones. Sometime later, the car was picked up by detectives in downtown New Orleans and towed to the pound for investigation. There was no placement of Soldani in the car at the time of the purchases; there was affirmative proof to the effect that he was not in the car. There was no evidence to the effect that Soldani was in his car during its movement to or from Industrial Air Products Company. No showing was made as to how Linkletter and Lacaze acquired the use of Soldani's car. In fact, Linkletter was issued a traffic ticket while driving Soldani's car four days after the commission of the crime. No evidence was adduced as to the return of the car to Soldani.
During August, 1958, Soldani entered the Elks Club at 705 Common Street, New Orleans, Louisiana. He demanded money and asked the manager to open the safe. When a porter inquired as to whether the manager was all right, Soldani left the place. This event was not shown to be associated with the instant crime. The name and phone number of the Elks Club was written on a card found in Linkletter's personal possessions, but no evidence was adduced to connect Linkletter with Soldani's visit to the Elks Club or to connect Soldani with the card.
"We are apprised to the line of distinction set out in the cases between an insufficiency of evidence and a total lack of evidence of the fact or facts required to prove the guilt of the party accused. State v. Martinez, 201 La. 949, 10 So.2d 712; State v. Tucker, 204 La. 463, 15 So.2d 854, and the cases cited therein. But where there is no evidence at all tending to prove a particular fact which is essential to a valid conviction this court will set aside the conviction for want of proof of the guilt of the defendant. * * *" State of Louisiana v. Harrell, 232 La. 35, 93 So.2d 684, 686. Also see, State v. McCarty, 232 La. 145, 94 So.2d 11; State v. Sbisa, 232 La. 961, 95 So.2d 619; State v. LaBorde, 234 La. 28, 99 So.2d 11; State v. Daniels, 236 La. 998, 109 So.2d 896.
A reconsideration of the record convinces us that we were correct in our original finding that there was a total lack of evidence to prove the guilt of the defendant Soldani in the simple burglary of the Variety Stag Bar.
For the reasons assigned, our original decree annulling and setting aside the conviction and sentence of John H. Soldani and ordering said defendant discharged is reinstated and made the judgment of this Court.
McCALEB, J., dissents, adhering to the views expressed in his dissenting opinion on the original hearing.
HAWTHORNE, J., dissents.
NOTES
[1] The Court Minutes recites that the jury was polled; that all of their number replied that the verdict was theirs as to Victor Linkletter, and that nine of their number replied that the verdict was theirs as to John H. Soldani and three replied that the verdict was not theirs.