On Rehearing.
HAMLIN, Justice.
A rehearing was granted in this matter in order that we might consider that part of our decree which annulled and set aside the conviction and sentence of John H. Soldani and ordered him discharged.
John H. Soldani, Victor Linkletter, Joseph Lacaze, and Ruth Morrisson were charged by bill of information with committing simple burglary (a violation of LSA-R.S. 14:62) of the building and structure known as Variety Stag Bar, 134 Carondelet Street, New Orleans, Louisiana, on August 16, 1958, with the intent to commit a theft therein. After severance was granted Lacaze and Morrisson, Linkletter and Soldani were jointly tried; the jury returned a verdict of “Guilty as charged.” [1]
On appeal, we affirmed Linkletter’s conviction and sentence but found that there was no evidence whatever in the record from which it could be reasonably concluded that Soldani played a part in the commission of the crime charged. This finding was made in response to Soldani’s supplemental motion for a new trial, in which he alleged:
“That the record is indicative that there was a complete lack of evidence to support the proof essential to a valid conviction.
*1015 “That your mover herein was convicted solely by association and the record is void of any proof necessary for a conviction under the charges which have been brought against him.”
When such a contention is made, an examination of the evidence may be made by this Court.
“The Constitution of Louisiana grants to the Supreme Court authority to review criminal cases on questions of law alone. Section 10, of Article VII. It is only where it is contended there is no evidence at all tending to prove the crime charged, or some essential element thereof, that the question posed becomes one of law and we are authorized to review the testimony for the purpose of ascertaining whether there is, in fact, evidence, either direct or circumstantial, that would support the conviction. State v. Seiley, 197 La. 405, 1 So.2d 675; State v. Hardy, 198 La. 1048, 5 So.2d 330; State v. Mattio, 212 La. 284, 31 So.2d 801; State v. Vallery, 214 La. 495, 38 So.2d 148; State v. Roberts, 224 La. 491, 70 So.2d 100; and State v. Turner, 228 La. 202, 81 So.2d 861, and the authorities therein cited. * * * ” State v. Di Vincenti, 232 La. 13, 93 So.2d 676, 681.
On original hearing, we set forth the facts of this case and considered the three facts relative to Soldani presented to the jury by the State. Herein, we shall only consider those facts necessary for decision.
Prior to and at the time of the commission of the instant crime, Linkletter, Morrisson, and Soldani were partners in a novelty shop business located at 4516 Magazine Street, New Orleans, Louisiana. Its operation was conducted by Linkletter. No’ showing was made to the effect that burglary tools and equipment were housed in; this shop; no connection was made between the stock of the shop and the tools employed in the perpetration of the crime; no' testimony was adduced to the effect that a. conspiracy took place in the novelty shop. There was no placement of Soldani in the novelty shop together with Linkletter and Morrisson.
Soldani’s blue 1949 Ford automobile was used by Linkletter and Lacaze to convey oxygen and acetylene cylinders from Industrial Air Products Company in New Orleans to a rendezvous employed by them to house burglary equipment. This equipment was used in the perpetration of the instant crime (a safe was burned and entered). After the commission of the crime,. Soldani’s automobile was used to return the cylinders and transport new ones. Sometime later, the car was picked up by detectives in downtown New Orleans and towed to the- pound for investigation. *1017 There was no placement of Soldani in the car at the time of the purchases; there was affirmative proof to the effect that he was not in the car. There was no evidence to the effect that Soldani was in his car during its movement to or from Industrial Air Products Company. No showing was made as to how Linkletter and Lacaze acquired the use of Soldani’s car. ' In fact, Linkletter was issued a traffic ticket while driving Soldani’s car four days after the commission of the crime. No evidence was adduced as to the return of the car to Soldani.
During August, 1958, Soldani entered the Elks Club at 705 Common Street, New Orleans, Louisiana. He demanded money and asked the manager to open the safe. When a porter inquired as to whether the manager was all right, Soldani left the place. This event was not shown to be associated with the instant crime. The name and phone number of the Elks Club was written on a card found in Linkletter’s personal possessions, but no evidence was adduced to connect Linkletter with Soldani’s visit to the Elks Club or to connect Soldani with the card.
“We are apprised to the line of distinction set out in the cases between an insufficiency of evidence and a total lack of evidence of the fact or facts required to prove the guilt of the party accused. State v. Martinez, 201 La. 949, 10 So.2d 712; State v. Tucker, 204 La. 463, 15 So.2d 854, and the cases cited therein. But where there is no evidence at all tending to prove a particular fact which is essential to a valid conviction this court will set aside the conviction for want of proof of the guilt of the defendant. * * * ” State of Louisiana v. Harrell, 232 La. 35, 93 So.2d 684, 686. Also see, State v. McCarty, 232 La. 145, 94 So.2d 11; State v. Sbisa, 232 La. 961, 95 So.2d 619; State v. LaBorde, 234 La. 28, 99 So.2d 11; State v. Daniels, 236 La. 998, 109 So.2d 896.
A reconsideration of the record convinces us that we were correct in our original finding that there was a total lack of evidence to prove the guilt of the defendant Soldani in the simple burglary of the Variety Stag Bar.
For the reasons assigned, our original decree annulling and setting aside the conviction and sentence of John H. Soldani and ordering said defendant discharged is reinstated and made the judgment of this Court.
McCALEB, J., dissents, adhering to the views expressed in his dissenting opinion on the original hearing.
HAWTHORNE, J., dissents.

. The Court Minutes recites that the jury was polled; that all of their number re- ' plied that the verdict was theirs as to Victor Linkletter, and that nine of their number replied that the verdict was theirs as to John H. Soldani and three replied that the verdict was not theirs.