HAMLÍN, Justice
(concurring in part and dissenting in part).
I concur in the majority view that the plea to the jurisdiction of the State Court is without merit, and that the statute is constitutional. I also concur in the majority view that the blackboard was properly admitted in evidence, a photograph of said blackboard being attached hereto for reference.
The witness James Calvin Gaines was called by the State for three primary reasons :
(1) To prove that the board in evidence was used by Cade to teach the members of the organization.
(2) To show that the board was in full view and could readily be seen by any person attending any meeting or entering the building where the teaching was ordinarily done.
(3) To show that from Cade’s teachings this young boy had been led to feel and believe and desire that he would rather live under the flag of Islam than under the flag of the United States.
Gaines was asked the following question:
“Q. Now James, from your under-, standing of this board and the teachings that are given you by Cade, if you had a choice which-would you rather live under, the, flag of the United States or the. flag of Islam?”
*561 There was an objection by counsel for the defense, which was overruled, and Bill ■of Exceptions No. 8 was reserved. The testimony of Gaines then continues:
“Q. Go ahead James.
“A. I would rather live under the flag Islam.”
In my opinion, it was clear to the jury that that answer was based on what Troy Bland Cade taught Gaines of the meanings of the board in connection with his teachings concerning the flag of Islam.
I have also considered the following testimony given by Jeremiah Pugh, a witness for defendant:
“Q. Has your religion or have you ever taught it or heard your leader teach that you want to be a distinct and separate part of the United States government or have a nation of your own or govern a nation of your own?
“A. I’ve heard our leader speak that we were once a nation and he wants us to be a nation again. As the situation now stands we are a nation of people within a nation. We are twenty million black people here in America and we are separated as it is and what Messenger Mohammand is asking that we be separated in a — on some ground that we could sort of go for ourselves, rather than be integrated and be a problem to the white man as we are today.” (Emphasis mine.)
The jury considered the blackboard that was admitted in evidence; it also considered the testimony of all of the witnesses; it saw and heard the witnesses and noted their demeanor on the stand. The members of the jury were the exclusive judges of the facts; they had the right to find from the witnesses what facts were proved and what facts were not proved. For that purpose they had the right to determine the credibility of the witnesses as they were impressed with their veracity. The jury had the right to take into account the manner of the witnesses on the stand, the probability or improbability of their statements, their interest or lack of interest that they may have in the case and every circumstance surrounding the giving of their testimony which might aid the jury in weighing the statements of the witnesses.
If the jury believed that any witness in the case (either for the State or for the defense) had wilfully or deliberately testified falsely to any material fact for the purpose of deceiving the jury, then the jury was justified in disregarding the entire testimony of such witness as proving nothing and as unworthy of belief.
The jury had the right to accept as true or reject as false the testimony of any witness, as the members thereof were impressed with his or her veracity.-
*563 If, after hearing all of the evidence and in weighing the same, the jury considered the guilt of the accused proved beyond a reasonable doubt, it had the right and duty to return a verdict of "guilty.” It came to the conclusion that the defendant was guilty.
“ * * * The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge.” LSA-Const.1921, Art. 19, Sec. 9.
“Supreme Court is without authority to pass on sufficiency or weight of evidence, and can consider claim of insufficiency only where there is no evidence.” State v. Bickham, 1960, 239 La. 1094, 121 So.2d 207, Certiorari denied, 81 S.Ct. 123, 364 U.S. 874, 5 L.Ed.2d 98.
“It is not within province of Supreme Court to pass on credibility of witnesses or decide weight to be given the evidence, these being matters exclusively for jury or trial judge, whichever is required by law to render the verdict in particular case.” State v. Turner, 228 La. 202, 81 So.2d 861.
“Where some evidence has been adduced upon which a verdict of guilty can be predicated, the question of its sufficiency is for jury.” State v. Matassa, 1953, 222 La. 363, 62 So.2d 609.
It is my view that there was ample evidence adduced herein, upon which the jury predicated its verdict. The members of the jury considered the blackboard in connection with the testimony of all of the witnesses, rejecting the inconsistencies therein as they saw fit, and came to the conclusion that the blackboard and all of the evidence, particularly that hereinabove quoted, proved the guilt of the defendant.
I respectfully dissent.